**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No. 8:14-cr-167-TPB-LSG

THOMAS MICHAEL JOHNSON,

Defendant.
_________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Thomas Michael Johnson's motion for compassionate release, filed *pro se* on July 26, 2024. (Doc. 66). On September 25, 2024, the Government filed its response. (Doc. 73). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On November 17, 2014, the Court (Judge James Whittemore) sentenced Defendant to 15 years imprisonment (the minimum term of imprisonment permitted by law) after he pleaded guilty to being a felon in possession of a firearm. He is 43 years old and incarcerated at Rochester FMC, and his projected release date is December 1, 2027.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison based on his medical conditions –

namely, morbid obesity, cellulitis, and lymphedema.[1] Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

As an initial matter, it is not clear whether Defendant has exhausted his administrative remedies. Although he provides a letter dated February 1, 2024, addressed to the Warden of Federal Correctional Institution Jesup, the BOP has no record in its database that Defendant ever submitted this request.

Even if the Court were to consider the merits, after reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated any extraordinary and compelling reasons warranting a modification of his sentence.[2] The Court recognizes that the

---

[1] Defendant also claims to suffer from other conditions, including anemia, hyperglycemia, hypertensive disorder, metabolic syndrome X, prediabetes, sleep apnea, and subdural hematoma. He, however, does not appear to rely on these conditions in seeking compassionate release.

[2] In USSG § 1B1.13, the Sentencing Commission identifies circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, including: (1)

confluence of obesity, cellulitis, and lymphedema as it presents to Defendant constitutes a serious medical condition, and these conditions collectively are well documented in the provided medical records. The Court also recognizes that these conditions require long-term or specialized medical care. However, Defendant has failed to establish that these conditions substantially diminish his ability to provide self-care in BOP custody, or that he is not being provided with the appropriate medical care in BOP custody.

Moreover, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable § 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Prior to his federal conviction, Defendant had a lengthy criminal history, including convictions for burglary, sale of a controlled substance within 1000 feet of a house of worship, three convictions for possession of cocaine, three convictions for sale of cocaine, and several convictions for driving while his license was suspended. Because of his extensive criminal history, Defendant was categorized as an armed career criminal at sentencing, and he was sentenced to 15 years imprisonment – the statutory mandatory minimum.

---

certain medical circumstances of the defendant, such as a terminal illness, a serious medical condition that substantially diminishes the defendant's ability to provide self-care, or a medical condition requiring long-term or specialized care that is not being provided; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment; (3) certain family circumstances; (4) the defendant was a victim of certain abuse while in custody; and (5) other circumstances, or a combination of circumstances, similar in gravity to those described above.

While incarcerated, Defendant has received disciplinary sanctions. Given the seriousness of Defendant's conduct, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense.

Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE